IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02269-MEH

WTI PARTNERS,

    Plaintiff,

v.

GREGORY AHN,
JONATHAN WHITE,
MATTHEW SCARLETT,
CULT OF 8, INC., and
ALCOHOL BY VOLUME, INC.,

    Defendants.

---

## ORDER ON MOTION TO TRANSFER VENUE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants Cult of 8, Inc. ("CO8") and Gregory Ahn's ("Ahn") (collectively, the "CO8 Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, to Transfer to the Northern District of California Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). ECF No. 15. For the reasons that follow, the Court denies the Motion.

## BACKGROUND

### I.    STATEMENT OF FACTS

The following facts are taken from Plaintiff's Amended Complaint and affidavits in the record. *New Belgium Brewing Co. v. Travis Cty. Brewing Co.*, No. 15-cv-00272-MEH, 2015 WL 2106329, at *4 (D. Colo. May 1, 2015) ("In reviewing a Rule 12(b)(3) motion to dismiss for improper venue, the [c]ourt 'may examine facts outside the complaint,' and 'it must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" (quoting *Hancock v. American Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260 (10th Cir. 2012))).

1.      Plaintiff WTI Partners ("WTI") is a Colorado general partnership whose twenty-seven partners are all Colorado residents. ECF No. 7 ¶ 1; ECF No. 30-2 ¶ 4.

2.      Steven Signer ("Signer") is Plaintiff's managing partner. ECF No. 30-1 ¶ 1. Robert Niemeyer ("Niemeyer") is its majority partner. ECF No. 30-2 ¶ 1.

3.      CO8 is a California corporation with its principal place of business in Carmel, California. Ahn is a resident of California and CO8's CEO. ECF No. 7 ¶ 3; ECF No. 15-2 ¶¶ 1–3.

4.      Plaintiff was first introduced to Ahn at a meeting in Denver, Colorado. ECF No. 7 ¶ 14.

5.      In 2010, Ahn contacted Plaintiff to solicit funding for a new business. That new business would become CO8. *Id.* ¶ 16.

6.      Signer, Niemeyer, and Ahn participated in at least two meetings in Boulder, Colorado, to discuss a potential contribution by Plaintiff to create CO8. ECF No. 30-1 ¶¶ 6–7; ECF No. 30-2 ¶¶ 6–7.

7.      Eventually, Plaintiff and Ahn entered into a contract in which Plaintiff provided cash to fund CO8 (the "WTI/CO8 Contract"). ECF No. 7 ¶ 17. CO8 would repay the principal plus 18% interest (the "Debt Repayment Terms"). *Id.* WTI alleges that it received a 40% equity ownership of CO8 in that contract (the "WTI Equity Share"). *Id.*

8.      In 2014, Ahn and WTI agreed to modify the terms of the WTI/CO8 Contract. This agreement converted the interest payments to a per-case royalty on specified wine sales (the "Royalty Terms"). *Id.* ¶¶ 37–39.

9.      Beginning in the first quarter of 2015, CO8 made regular payments pursuant to the Royalty Terms. CO8 has under reported the sales of the relevant wine and stopped making those payments completely in 2017. *Id.* ¶¶ 63–66.

10. CO8 now distributes wine throughout the U.S. and also owns an interest in several brands of wine. ECF No. 15-2 ¶ 3.

## II. PROCEDURAL HISTORY

Based on these and other facts, WTI initiated this suit on August 31, 2018. ECF No. 1. In its Complaint, WTI asserts nine causes of action against the various Defendants: (1) breach of contract; (2) unjust enrichment; (3) breach of fiduciary duty; (4) fraud; (5) fraudulent concealment; (6) civil conspiracy; (7) declaratory judgment; (8) accounting due to fraud; and (9) constructive trust. On November 11, 2018, the CO8 Defendants filed the present Motion to Dismiss under Rule 12(b)(3) or Transfer Venue under 28 U.S.C. § 1404(a).

## **LEGAL STANDARD**

"The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction." *H & H Transformer, Inc. v. Battelle Energy All., LLC*, No. 09-cv-00442-WYD-BNB, 2009 WL 3530370, at *3 (D. Colo. Oct. 23, 2009). Thus, the plaintiff bears the burden of making a prima facie showing that venue is proper. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984); *Nagim v. Jackson*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318896, at *2 (D. Colo. Aug. 10, 2010). A plaintiff's allegations in the complaint "must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (quotations and citations omitted).

## **ANALYSIS**

I.  **Motion to Dismiss**

Although the CO8 Defendants style their motion, at first, as a Motion to Dismiss for improper venue, they make no argument founded in the applicable statute, 28 U.S.C. § 1391. Nevertheless, I will briefly address the issue. Ultimately, I find the District of Colorado is a proper venue for this suit.

Section 1391(b) provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Subsection (b)(1) cannot support venue here, because neither Defendant resides in Colorado. Subsection (b)(3) is also not applicable. Thus WTI must rely on § 1391(b)(2).

In a venue analysis under § 1391(b)(2), courts apply a "substantial contacts test," which states "[v]enue is proper in each district that is the situs of a substantial part of the events or omissions giving rise to the claim." *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 757 (S.D.N.Y 1995). "If the selected district[']s contacts are 'substantial', it should make no difference that another's are more so, or the most so." *Merchs. Nat'l Bank v. Safrabank (Cal.)*, 776 F. Supp. 538, 541 (D. Kan. 1991) (quotation omitted). In disputes that involve a contract, courts consider "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *PI, Inc.*, 907 F. Supp. at 757–58. The location of the parties to the

contract is also relevant under the substantial contacts test. *Goff Dairy, LLC v. Henry*, No. 11-cv-0966 JCH/SMV, 2012 WL 13076604, at *3 (D.N.M. Aug. 20, 2012).

In this case, the allegations in the Amended Complaint and affidavits submitted by WTI partners Signer and Niemeyer provide evidence that the acts that gave rise to this suit have substantial contacts to this District. WTI first met Ahn at a meeting in Denver. ECF No. 7 ¶ 14. Additionally, both individuals attest that some of the negotiations for the WTI/CO8 Contract occurred in Colorado. Specifically, they state that they attended at least two meetings with Ahn in Boulder, Colorado, at which they discussed providing funds to create CO8. ECF No. 30-1 ¶¶ 6–7; ECF No. 30-2 ¶¶ 6–7.

WTI has made the prima facie showing that venue is proper in this District. First, WTI is a Colorado general partnership whose members are all residents of the state. This is evidence that the contract has substantial contacts in Colorado. *Goff Dairy*, 2012 WL 13076604, at *3 (finding that venue was proper in the home state of one of the parties to a contract). Second, the contract was negotiated, at least in part, in Colorado. *Biad Chili, Ltd. v. Cimarron Agric., Ltd.*, No. CV-08-967 WJ/WPL, 2009 WL 10698485, at *3 (D.N.M. Mar. 31, 2009) (finding venue was proper when one party asserted that "at least some of the negotiations took place" in the relevant district). I am persuaded that venue is proper in this District, and the CO8 Defendants' Motion to Dismiss is denied.

## II.     Motion to Transfer Venue

In the alternative, the CO8 Defendants argue this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[1] That statute states "[f]or the convenience

---

[1] The briefing recounts the history of previous litigation among these parties in the Northern District of California. However, Defendants fail to explain how this litigation is relevant to

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.* When considering a motion to transfer under § 1404(a) a court will consider the following factors:

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and [] (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (numbering added) (alteration in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *Chrysler Credit Corp*, 928 F.2d at 1515). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 965). The Supreme Court has stated that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). I find that the CO8 Defendants have not met their burden of showing this forum is inconvenient.

---

whether venue is proper in this District, or whether the case should be transferred to the Northern District of California under 28 U.S.C. § 1404.

A.  Plaintiff's Choice of Forum

Considering the first factor, WTI's choice of forum weighs heavily against a transfer. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167 (alterations in original) (quoting *Scheidt*, 956 F.2d at 965). Certain circumstances may obviate the presumption given to a plaintiff's choice of forum. For example, "courts have afforded 'little' weight to the plaintiff's choice when the plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action." *Evans v. Union Pac. R.R. Co.*, No. 13-cv-1732-WJM-BNB, 2014 WL 1309306, at *2 (D. Colo. Apr. 1, 2014) (quoting *Springer v. Union Pac. R.R. Co.*, 2009 WL 960720, at *2 (D. Colo. Apr. 8, 2009)). Neither of these situations is present here. WTI is a Colorado general partnership, and all of its partners are citizens of Colorado. Additionally, I already addressed the underlying dispute has a substantial connection to Colorado, in that negotiations for the contract occurred in Colorado. This is not a case where a non-resident has brought a suit with a "tenuous" connection to the chosen forum. *See WildEarth Guardians v. U.S. Fish & Wildlife Serv.*, No. 12-cv-3085-AP, 2013 WL 136204, at *3 (D. Colo. Jan. 9, 2013) (finding a plaintiff's choice of forum was entitled to little weight, because its "principal places of business are not located in Colorado and the vast majority of the operative facts took place in" another state).

The CO8 Defendants also argue that WTI's choice of forum should be afforded little weight, because they argue WTI is forum shopping. ECF No. 43 at 3. Courts are more inclined to grant a motion to transfer if they believe the plaintiff is forum shopping. *See, e.g.*, *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000) ("Circumstances in which a plaintiff's chosen forum will be accorded little deference

include cases of anticipatory suits and forum shopping."). But this is not such a suit. WTI brings this suit in its home district, and the CO8 Defendants do not identify any evidence of forum shopping apart from WTI's decision not to bring this suit in California, where prior related ligation involving these parties has already occurred. I see no evidence of forum shopping. Therefore, as instructed by the Tenth Circuit, I will not disturb WTI's choice of forum unless the remaining factors strongly favor transfer.

B. Availability of Witnesses and Sources of Proof

This "important" factor also weighs against a transfer, because the CO8 Defendants have not established that the witnesses who reside in its proposed forum will provide testimony that is highly material to the claims in this suit. In this Circuit, "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). Importantly, a party seeking transfer cannot show that the proposed forum is more convenient simply by asserting that several, or even a substantial majority, of witnesses reside in the proposed transferee district. "If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without . . . providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851 (4th ed. 2008). The moving party must "(1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be

necessary.'" *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (alterations in original) (quoting *Scheidt*, 956 F.2d at 966).

Here, the CO8 Defendants fail to meet this burden. Ahn provides a list of seventeen "possible witnesses" who may testify in this case. ECF No. 15-2 ¶ 8. Of those witnesses, twelve reside in California, *see id.*, and I note that the list does not include any of WTI's partners, all of whom reside in Colorado. Ahn suggests transfer is proper, because "the vast majority" of his proposed witnesses live in California. First, I am not persuaded Ahn's list of witnesses is so concentrated in California that transfer is appropriate. Potential witnesses in this suit reside in Minnesota and Nevada. *See MacMunn v. Eli Lilly Co.*, 559 F. Supp. 2d 58, 61–62 (D.D.C. 2008) (finding transfer under § 1404(a) was appropriate when "almost all of the nonparty, nonexpert witnesses" resided in the proposed transferee district (footnote omitted)). But more importantly in the Tenth Circuit, the CO8 Defendants do not show that any of these witnesses' testimony is highly material to this case. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (denying a transfer under § 1404 when the movant did not "indicate[] the subject matter of [proposed witnesses'] testimony"). For these reasons, I find that this "important factor" does not support transfer.

C. Remaining Factors

Having determined that WTI's choice of forum warrants strong deference and the availability of witnesses and proof does not support a transfer, I find that the remaining factors do not weigh so strongly as to warrant a different conclusion. With respect to the factor that considers the "cost of making the necessary proof," the CO8 Defendants fail to show that the overall expense of this suit will be greater if it is litigated in this District. Critically, the record presented by the parties "contains no evidence concerning the potential costs of litigating the case." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. Absent this evidence, the factor does not favor a transfer.

Another factor considers the conflict of laws. "In a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law." *Id.* But at this point in the lawsuit, it is not yet apparent which state's substantive law will apply. At first, I note that nothing suggests that the alleged WTI/CO8 Contract contained a choice of law provision. Further, the parties do not agree on the governing law. The CO8 Defendants assert that "[b]ecause CO8 is a California corporation, California's law applies to issues governing its internal affairs." *See* ECF No. 15 ¶ 27. Even if true, they do not argue here that California law will govern WTI's breach of contract claim, or any other of its state law claims. At this juncture, this factor does not favor a transfer of venue. *See Cook*, 816 F. Supp. at 669 (finding a transfer was appropriate when it was "clear that th[e] court would apply the substantive law of" the proposed transferee district).

Another factor considers the "advantage of having a local court determine questions of local law . . . ." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. But because the applicable substantive law is not yet decided, this factor cannot favor a transfer. In any event, no party argues that a question of law presented in this case is so complex that it cannot be decided in this District. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013) ("[F]ederal judges routinely apply the law of a State other than the State in which they sit.").

Finally, the factors that consider the relative congestion of the courts' dockets, advantages and obstacles of a fair trial, and considerations that make trial expeditious and economical also weigh against transfer. The parties have already agreed to a two-phase procedure for this case, and Phase I addressing the "existence and scope of the Debt Repayment Terms, the WTI Equity Share, and the Royalty Terms," as those terms are defined in the Complaint, is already set for bench trial on September 3–4, 2019. In sum, the *Employer Mutual* factors conclude that this

district is a convenient forum for WTI's claims against the CO8 Defendants, and their motion is denied.

## CONCLUSION

I conclude this District is a proper venue for WTI's claims against Ahn and CO8 under 28 U.S.C. § 1391(b)(2). Additionally, the CO8 Defendants have not met their burden of showing this forum is inconvenient under 28 U.S.C. 1404(a). Accordingly, the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, to Transfer to the Northern District of California Pursuant to 28 U.S.C. §§ 1404(a) and 1406(1) [filed November 19, 2018; ECF No. 15] is **denied**.

Dated at Denver, Colorado this 22nd day of March, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge